IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01290-RBJ-MEH

ANDREW COOPER,

    Plaintiff,

v.

BORENSTEIN & ASSOCIATES, LLC,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed August 31, 2015; docket #16]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for recommendation [docket #17]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully recommends that the motion be granted in part and denied in part.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

On June 18, 2015, the Plaintiff initiated this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e)(2)(a) against the Defendant. The present motion seeks dismissal of the entire lawsuit.

**I.     Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiff in the operative First Amended Complaint (FAC) and pertinent to the present motion, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), along with quotations from pleadings filed in state court.

Plaintiff had an alleged delinquent financial obligation (credit card debt) owed to First National Bank of Omaha. The bank engaged the Defendant for purposes of collecting the debt. Defendant filed a lawsuit on behalf of the bank against Plaintiff in Adams County, Colorado district court to collect on the debt. The state court complaint included in its body (paragraph 4) a request for attorney's fees ("The amount claimed from Andrew Cooper . . . is $4,426.71 . . . together with proper interest, costs, attorney fees, and any other items allowable by statute or specific agreement."). During the pendency of the case, the Defendant submitted a motion "for an order permitting its witness to testify by telephone pursuant to [Colo. R. Civ. P.] 343(h)(1)." The motion represented that "Joseph Guenther or another representative for First National Bank of Omaha, who has relevant information and first hand knowledge regarding all aspects of this matter, is needed to testify at trial." Because the proposed witnesses were located in Omaha, Nebraska, defense counsel sought to have their testimony received via telephone in order to save money.

**II.     Procedural History**

Plaintiff filed the FAC on August 17, 2015. Defendant filed its Motion to Dismiss on August 31, 2015. Plaintiff contends and, for purposes of this motion only, Defendant concedes that there is no legal basis for Defendant to be awarded attorney's fees and, further, that the bank's representatives (Joseph Guenther or other) may not have personal knowledge of *all* aspects of the matter. On these bases and Defendant's role as counsel for the bank, Plaintiff contends that Defendant is a debt collector under the FDCPA and has made these two false statements in violation of Section 1692(e)(2) of that statute:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
> >
> > (2) The false representation of–
> > (A) the character, amount, or legal status of any debt; or
> > (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

Plaintiff also contends that Defendant's actions violate 15 U.S.C. § 1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Defendant counters that Plaintiff's allegations fail to state a claim upon which relief may be granted, principally on the ground that these statements, made in the context of representing a client before a court, are not the type of behavior that the FDCPA was intended to prohibit.

### LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to

dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Okla.,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## **ANALYSIS**

Defendant argues that neither of the alleged misstatements may constitute a violation of the FDCPA. The Court will address each argument in turn.[2]

**I.     The State Court Motion for Absentee Testimony**

Defendant's stated purpose in the state court action for filing the Motion for Absentee Testimony was the convenience of the witness(es). Plaintiff contends that because such motion contained a false statement, it violates the FDCPA. Plaintiff also argues that in determining whether a debt collector violated the FDCPA, the Court must employ the "least sophisticated consumer" standard.

> The Tenth Circuit has recognized that other circuit courts of appeal have applied an objective standard when analyzing claims under the FDCPA, "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector.*" Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (unpublished table opinion) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). Under the "least sophisticated consumer test," the courts consider "how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer – understands the notice he or she receives." *Id.* (citation and quotation omitted). But as the Tenth Circuit also explained, the least sophisticated consumer "'can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Id*. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). Thus, while the least sophisticated consumer test "protects the naïve and credulous," the courts apply this standard in a way that also "protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Clomon*, 988 F.2d at 1319.

---

[2]Neither party questions whether Defendant is a "debt collector" under the FDCPA, nor whether, as a general matter, statements made in a state court collection action may contain actionable misrepresentations under the FDCPA. The Court has canvassed federal case law on these matters and views them as settled in the affirmative.

*Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014). I accept this analysis as applicable here.

I find as a matter of law that a debt collector's motion requesting that a state district court permit witness testimony by telephone, even if accompanied by an affidavit that falsely states the extent of the proposed witness' knowledge, does not violate either Section 1692e or 1692f of the FDCPA. To construe the statute so as to potentially chill attorneys in their obligations to their clients and to the courts, and in pursuing litigation to "secure the just, speedy, and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1; *see also* Colo. R. Civ. P. 1), stretches the FDCPA beyond any reasonable interpretation. If there were misstatements in the state court motion, there are adequate judicial remedies available to the litigant who believes that its opponent has engaged in conduct intended to deceive the tribunal. *See Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819-20 (8th Cir. 2012). Moreover, I do not believe the FDCPA was intended to address this type of behavior directed toward a court; rather, is it designed to govern conduct intended to influence a consumer's decision. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941-42 (7th Cir. 2011). Finally, even applying the "least sophisticated consumer" test, Plaintiff cannot have interpreted the Motion for Absentee Testimony as anything other than a request that testimony from the bank's witnesses be received remotely rather than heard live and in court. It is not plausible that Plaintiff would interpret such motion in the main as an attempt to influence repayment of the debt.

For these reasons, I respectfully recommend that the Motion to Dismiss any claim in the FAC concerning the Motion for Absentee Testimony be granted.

**II.     Request for Attorney's Fees**

The request Defendant inserted into the state court complaint for attorney's fees presents a

different story. As noted by the Tenth Circuit, "Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The purpose of a modern complaint is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). Thus, the only legal, permissible purposes for a request for attorney's fees is (1) demonstrating the claimant's entitlement to relief; (2) putting the opposing party on fair notice of the basis for the entitlement to relief; and (3) apprising the court that the claimant has the legal right to relief if the allegations of the complaint are proved. Moreover, Fed. R. Civ. P. 11 would mandate a good-faith basis for claiming attorney's fees: "It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The allegations in a complaint, as opposed to a motion for telephonic testimony, are most certainly directed to the opposing *party*, not counsel (indeed, Plaintiff was not even required to obtain counsel in the state court action and could well have represented himself). Additionally, under the "least sophisticated consumer" test, it is certainly plausible that Plaintiff, upon seeing the allegation for attorney's fees, would be compelled to change his behavior and be influenced to pay money to the bank.

Defendant contends that inserting the contingency "allowable by law" with the request for attorney's fees insulates it from liability. However, Defendant points to no law that would allow recovery of attorney's fees. Threatening a debtor with potential consequences that have no basis in law or fact is *precisely* what the FDCPA was intended to prohibit. *Llewellyn v. Allstate Home*

*Loans, Inc.*, 711 F.3d 1173, 1187 (10th Cir. 2013).

Because Defendant qualifies as a debt collector; the state court lawsuit was an attempt to collect on a debt; the complaint in the state court case was a communication to a debtor; the communication contained a false statement; and the least sophisticated consumer could reasonably interpret the complaint as making a claim for attorney's fees which, in turn, could reasonably influence the debtor's behavior, Plaintiff has stated a cause of action under 15 U.S.C. § 1692e generally, and under subsection (2)(a) in particular, and the Court recommends that Defendant's motion to dismiss be denied on that basis. I do not believe, however, that the allegations concerning the request for attorney's fees in the FAC state a claim for violation of Section 1692f, the use of unfair or unconscionable means to collect or attempt to collect a debt, and recommend that the Motion to Dismiss be granted on that basis.

## CONCLUSION

Accordingly, for the reasons stated above, this Court respectfully RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed August 31, 2015; docket #16] be **granted in part and denied in part** and that the claim under 15 U.S.C. § 1692e be permitted to proceed insofar as it addresses Defendant's request for attorney's fees in the state court complaint.

Dated at Denver, Colorado, this 27th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

8